|   |   |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **DISTRICT OF NEVADA** |

| | |
|---|---|
| MICHAEL TALASAZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ROSS SILVER, an individual; DOES I through X, and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.: 2:18-cv-00116-RFB-VCF<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF ROSS SILVER'SCONFIDENTIAL WELLS FARGO BANK NA INFORMATION AND RECORDS** |

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

WHEREAS, Plaintiff Michael Talasaz served a subpoena to Wells Fargo Bank NA on January 8, 2019 (the "Subpoena") for the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

WHEREAS, Defendant Ross Silver had previously produced certain of his Wells Fargo Bank NA records (the "Previously Produced Records") that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential and sensitive commercial, financial, or business information;

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information

or material produced, given or exchanged, including any information contained therein or derived therefrom strictly related to the Subpoena or Previously Produced Records ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26 of the Federal Rules of Civil Procedure, that this Stipulation shall only apply to the Subpoena and to no other materials in the case.

1. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or commercially sensitive information that requires the protections provided in this Stipulation ("Confidential Discovery Material").

2. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

    A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material (including each page of any electronic documents produced in TIFF, PDF, or similar format); or (ii) in the case of electronically stored information ("ESI") produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (*e.g.*, CD- ROM, flash drive, DVD). To the extent that any ESI designated as Confidential Discovery Material does not contain any indication of such designation when printed in hard-copy or any other form, a receiving Party shall use its best efforts to ensure that such Confidential Discovery Material is treated in compliance with this Stipulation. Any Party may request that any Discovery Material be designated as Confidential Discovery Material.

    B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the

testimony; or (ii) by written notice, sent to all Parties designating the testimony with sufficient particularity that the testimony so designated may be readily identified. From the date of the deposition or other pre-trial testimony through the period ending thirty (30) calendar days after the delivery of the final transcript of such testimony, the entire transcript (as well as any videotape or other recording thereof) shall be treated as Confidential Discovery Material. Thereafter, unless a Party has designated all or part of the testimony as Confidential Discovery Material at the deposition or within the 30-day period, none of the testimony in the transcript or any videotape or other recording thereof shall be treated as Confidential Discovery Material. Nothing in this provision precludes a Party from subsequently designating all or part of deposition of other pre-trial testimony as Confidential Discovery Material after the 30-day period has passed. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

  C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

  3. The designation and labeling of Discovery Material as Confidential Discovery Material or as Attorneys' Eyes Only Discovery Material (as defined in Paragraph 8 of this Stipulation) shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation pursuant to Paragraphs 1, 2 and/or 8 of this Stipulation. If qualified Discovery Materials cannot be designated or labeled pursuant to Paragraph 2 of this Stipulation, they shall be designated as Confidential or Attorneys' Eyes only, as the case may be, in a manner to be agreed upon by the parties.

  4. Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the

Producing Party inadvertently failed to designate as Confidential or Attorneys' Eyes Only, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material or Attorneys' Eyes Only Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Attorneys' Eyes Only" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 10 of this Stipulation.

   5.  Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

  A.  The Parties and the directors, officers, and employees of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, only to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

|   |   |   |
|---|---|---|
| B. | | Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation; |
| C. | | Subject to Paragraph 6, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation; |
| D. | | Subject to Paragraph 7, witnesses or deponents other than those individuals referenced in Sub-paragraph 5(A), and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation; |
| E. | | Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting; |
| F. | | The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and |
| G. | | Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto. |

6. Notwithstanding Paragraph 5(C) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the

Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

7. Notwithstanding Paragraph 5(D), Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of this Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

8. Each Party shall have the right to designate as highly confidential and proprietary any Discovery Material or portion thereof produced by it which it believes in good faith contains highly sensitive confidential and proprietary commercial, business, financial, or personnel information ("Attorneys' Eyes Only Discovery Material"). The designation of Discovery Material as "Attorneys' Eyes Only" shall be made in the same manner as designating Discovery Material as "Confidential" under Paragraphs 2 and 3 of this Stipulation.

9. Notwithstanding Paragraph 5 of this Stipulation, access to Attorneys' Eyes Only Discovery Material or any part thereof and the matters contained therein, is limited to the following persons:

    A. attorneys of record, including in-house counsel, for the Parties, and their partners, associates, assistants, paralegals, and other persons regularly employed by attorneys of record for the Parties;

    B. consultants and experts retained by the Parties or their attorneys for purposes of this action, pursuant to the terms of Paragraph 6 above.

10. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose,

or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

11. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

12. Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Attorneys' Eyes Only Discovery Material (a "Filing Under Seal") must be filed with the Court under seal in accordance with this order which addressed the requirements of the provisions of Rules 5 and 5.2 of the Federal Rules of Civil Procedure and LR IA 10-5. No separate motion for leave to file sealed documents will be required as set forth in LR IA10-5 given this order of the Court.

13. During the pendency of this Litigation, any Party objecting to or challenging the designation of any Discovery Material or testimony as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, as applicable, pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or as Attorneys' Eyes Only. No Party shall be obliged to challenge the propriety of a Confidential or Attorneys' Eyes Only designation at the time of production of Discovery Materials, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

14. The Parties reserve the right to apply, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation.

15. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

    A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Attorneys' Eyes Only Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material, Confidential Discovery Material, or Attorneys' Eyes Only Discovery Material should be subject to the terms of this Stipulation;

    E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation;

    G. Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

    H. Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

16. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the

use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Attorneys' Eyes Only Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

B. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

C. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or

circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

18. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

19. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material or Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

20. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

21. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom.

22. In the event that any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

23. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Attorneys' Eyes Only Discovery Material shall

either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Attorneys' Eyes Only Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Attorneys' Eyes Only Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

24. If any person in possession of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material produced or designated as "Confidential" or "Attorneys' Eyes Only" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Attorneys' Eyes Only Discovery Material or on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential

Discovery Material or Attorneys' Eyes Only Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material will not constitute a violation of this Stipulation.

25. No Receiver shall reveal any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Attorneys' Eyes Only Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material or Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Attorneys' Eyes Only Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

26. The Parties agree that the production of any Discovery Material or Attorneys' Eyes Only Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation.

**ENTERED:**

Dated: this 5th day of February, 2019.

By:_____
United States Magistrate Judge

Dated: February 4, 2019

Respectfully submitted,

**CONNELL LAW**

By: /s/ Christopher S. Connell

Christopher Connell (SBN 12720)
Nevada Bar No. 12710
6671 Las Vegas Blvd., Suite 210
Las Vegas, Nevada 89102
Tel: (702) 266-6355
Fax: (702) 829-5930
cconnell@connelllawlv.com

Attorneys for MICHAEL TALASAZ

**CARBAJAL LAW**

By: /s/ Hector J. Carbajal II

Hector J. Carbajal II (SBN 6247)
CARBAJAL LAW
10001 Park Run Dr.
Las Vegas, Nevada 891145
Tel: (702) 846-0040
Fax: (702) 846-1329
Hector@claw.vegas

Attorneys for ROSS SILVER

# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHAEL TALASAZ, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROSS SILVER, an individual; DOES I through X, and ROE CORPORATIONS XI through XX, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:18-cv-00116-RFB-VCF<br><br>**AGREEMENT TO BE BOUND BY STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF ROSS SILVER'S CONFIDENTIAL WELLS FARGO BANK NA INFORMATION AND RECORDS** |

　　　I have read the Stipulation and Order for the Production and Exchange of Ross Silver's Confidential Wells Fargo Bank NA Information and Records (the "Stipulation") in the above-captioned action. I understand its terms and agree to be fully bound by them, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Stipulation. I further agree not to disclose or use any Confidential Discovery Material (as defined in the Stipulation) for purposes other than those permitted under the Stipulation.

_____
Signature

_____
Signature

_____
Signature

_____
Signature

_____
Date